**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-23745-ALTMAN**

COMMODITY FUTURES
TRADING COMMISSION,

      Plaintiff,

v.

TRADERS DOMAIN FX LTD. d/b/a,
THE TRADERS DOMAIN, et al.,

      Defendants.

_____/

Kelly M. Crawford, as Receiver of       **ANCILLARY CASE NO. 1:26-cv-24304-CMA**
TRADERS DOMAIN FX LTD. d/b/a,
TRADERS DOMAIN, et al.,

      Plaintiff,

v.

CF Preferred, LLC, et al., Juan A.
Hernandez, Lizette Hernandez, Vosh &
Associates, Inc., Little Black Book
Enterprises, LLC, GPD OTC, LLC, Wealth
Connection Global, LLC, Stormy Wellington,
HIM 500, LLC, D&K Investment Holdings,
Investment Partners, LLC, Fabian Guerra,
Gabriela C. Giralt, Kenneth Blount,
Schneider Enterprise Resources, LLC,
Waterfall Holding, Inc., Real Hasta La
Muerte, LLC, Peter B. Gross, NDE Holdings,
LLC, Amaury Lendeborg, Doris M. Liriano,
DTM Group, LLC, Rozell Sims, RR Elite,
LLC, Robert Rodriguez, John Hopkins, TDH
Properties Limited Partner, Olalla Ranch,
LLC, Jace Investment Group, Inc., Said
Daibes Figueroa, Sharon B. Beck, Juan
Carlos German, NV Las Vegas Sunrise, LLC,
Novus Radar Technology, Ramon G.
Fernandez, P.A., Sams Management, LLC,
Jason K. Lobdell, Boba Tree, LLC, Leigha

Brisco, David Shands, LLC, Jacob Morayniss, Antonio Gates, LLC, Alejandro Imar Calderin, Brandon Sims, Full Send Investments, LLC, Day Trading Lab, LLC, Loretta Dow Freyhof, Kos Partners, LLC, L&N Group Holdings, LLC, The Finer Things, LLC, Richard S. Lagrand Jr., TMD Shops, LLC, Stuntgang, LLC, Davis Bowe Enterprises, LLC, Angela Ramson, Blacksite Ranch, LLC, Mena Millions, Inc., Sinetix, LLC, Darnell Self, Self Defined, Inc., Heather H. Gross, Patrice McKinney, Bolden Capital Group, LLC, John Gabriel Mellein, Jamie L. Mellein, L-C Green AG Developers, Ltd., Joi A. Robinson, Alejandro D. Canto, Strong Holdings Group, LLC, James Keith, Keith and James, LLC, Tammie Mattish, Ashley Hughes, Tep Ly Cheam, Ynot Capital, Inc., Jason Yarn Beck, Tavere Johnson, Justin C. Griffin, Willy G. Contractors, LLC, Haoran Shi Trade, Inc., JDC Marketing Solutions, LLC, Patrick Corneluis McHugh, Bartercorp International, Inc., Rodney F. Credit, 241 Exotics, LLC, Elizabeth Rodriguez, JJR Wireless Corp., Richard Chesler, Erik Johnson, Katapult Events, LLC, SalesFS, LLC, Salesforce Properties, LLC, Daniel Stammen, Global JTM Holdings, LLC, Lymari Rosa Lopez, Tracy F. Glasper, Edra Lillian Bonsall, Signature Financial Solutions, Guiseppe Montopoli, Angel Benjamin Pomavilla Morocho, Lourdes C. Ortega Huerta, Leanp Construction, LLC, Monroe Family Enterprises, Ltd., Millar Express, LLC, Ann Marie Burton, Robert Garcon, PTG 365, LLC, PTG Enterprises, Inc., New Horizon Trust, Rajkumarie Shivmangal, Iwynn Productions, LLC, FQP Supplies, LLC, Business Makeover, LLC, Ninjago, Inc., 319 Investment Holdings, LLC, Brandon L. Thornhill, Christopher Niemczyk, Cohen and Carter, LLC, Conwell Capital Holdings Trust, Ching Hung Sun, Gabriel M. Lopez,

2

Jessica Lopez, Ecology Home BH, LLC, The
Advanced Procurement Team, Inc.,

     Defendants.

_____/

**DEFENDANT'S MOTION TO DISMISS COMPLAINT
FOR FRAUDULENT TRANSFER**

**INTRODUCTION**

Defendant Robert Garcon moves this Court to dismiss the Complaint brought by Plaintiff Kelly M. Crawford, as Receiver of TRADERS DOMAIN FX LTD. d/b/a, TRADERS DOMAIN, et al., for Fraudulent Transfer pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action upon which relief can be granted. The Complaint alleges that Mr. Garcon received a fraudulent transfer under the Florida Uniform Fraudulent Transfer Act, specifically Fla. Stat. § 726.105(1)(a). However, the Complaint fails to plead facts sufficient to overcome the statutory good faith transferee defense or to establish that Mr. Garcon had knowledge of any alleged fraudulent intent by the debtor. Because Mr. Garcon received only the return of *a portion* of his initial investment in good faith, without knowledge of any fraud, and for reasonably equivalent value, the Complaint must be dismissed.

**LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. When evaluating such a motion, the court must accept all well-pleaded factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. The complaint must contain "a short and plain statement of the ultimate facts showing that the pleader is entitled to relief." *Id.* However, where a complaint fails to state facts

3

sufficient to establish all elements of the cause of action, or where an affirmative defense appears on the face of the complaint, dismissal is appropriate.

In the context of a fraudulent transfer claim under Florida's Uniform Fraudulent Transfer Act (FUFTA), the creditor must demonstrate three elements: there was a creditor to be defrauded, a debtor intending fraud, and a conveyance of property which could have been applicable to the payment of the debt due. *Nationsbank, N.A. v. Coastal Utils., Inc.*, 814 So. 2d 1227, 1229 (Fla. Dist. Ct. App. 2002). The burden of proving a fraudulent transfer rests on the party asserting the claim and must be established by a preponderance of the evidence. *Recovery Agents, LLC v. Tutko*, 399 So. 3d 1281, 1284 (Fla. Dist. Ct. App. 2025).

## ARGUMENT

**I.     The Complaint Fails to State a Claim Because It Does Not Plead Facts Sufficient to Overcome the Good Faith Transferee Defense Under Section 726.109(1)**

A transfer or obligation is not voidable under section 726.105(1)(a) against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or obligee. Fla. Stat. § 726.109. This statutory defense is a complete bar to a fraudulent transfer claim and may be raised on a motion to dismiss when the complaint's own allegations establish that the transferee took in good faith and for value.

**A.     The Complaint Establishes That the Transfer Was for Reasonably Equivalent Value**

Value is given if an antecedent debt is secured or satisfied in exchange for the transfer or obligation. Fla. Stat. § 726.109. A debtor who repays a legitimate debt provides reasonably equivalent value to the creditor receiving the repayment. The Complaint alleges that Mr. Garcon was an investor who was repaid $150,000.  This allegation establishes on its face that the transfer

4

satisfied an antecedent debt owed by the debtor to Mr. Garcon. In fact, the total amount of Mr. Garcon's investment was $250,000.  The debtor received value when Mr. Garcon originally made the investment, and Mr. Garcon received a portion of that value when the debtor repaid that investment. The badge of fraud enumerated in section 726.105(2)(h)—whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred—is satisfied here, as the consideration was the partial satisfaction of a legitimate debt obligation. Florida courts have consistently held that transfers for adequate consideration are not fraudulent unless made with intent to defraud creditors and the transferee knows or, as a prudent person, should know of this intent. *Jacksonville Bulls Football, Ltd. v. Blatt*, 535 So. 2d 626, 628 (Fla. Dist. Ct. App. 1988). Where a transferee provides full value for the transfer, close connections between debtor and transferee do not in themselves make a transaction fraudulent. *Id*. Here, the Complaint does not and cannot allege that Mr. Garcon failed to provide value; to the contrary, the initial investment provided the very consideration that the repayment satisfied.

**B.  The Complaint Does Not Plead Facts Showing Lack of Good Faith**

The Complaint contains no factual allegations that Mr. Garcon lacked good faith or had knowledge of any alleged fraudulent intent by the debtor. The Complaint does not allege that Mr. Garcon was an insider as defined by section 726.102(7), had a close personal or professional relationship with the debtor beyond the investor relationship itself, had actual knowledge of the debtor's insolvency, was aware of active creditor collection efforts, or received inquiry notice of any underlying fraud or improper conduct. Without such allegations, the Complaint fails to plead facts sufficient to overcome the good faith transferee defense. A transferee cannot claim good faith if they had sufficient knowledge to place them on inquiry notice of the voidability of the transfer, the debtor's insolvency, an underlying fraud, or the improper nature of the transaction.

5

However, absent allegations that Mr. Garcon possessed such knowledge or circumstances giving rise to inquiry notice, the Complaint cannot survive dismissal. The mere fact that Mr. Garcon was repaid his investment, standing alone, does not establish lack of good faith or knowledge of fraud.

### C.    The Complaint Fails to Plead Actual Fraudulent Intent by the Debtor as to This Transfer

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor if the debtor made the transfer with actual intent to hinder, delay, or defraud any creditor of the debtor. Fla. Stat. § 726.105. Because establishing actual intent through direct proof is difficult, the UFTA looks to circumstantial indicia of intent commonly known as badges of fraud. *Mane FL Corp. v. Beckman*, 355 So. 3d 418, 425 (Fla. Dist. Ct. App. 2023). Courts may consider factors including whether the transfer was to an insider, whether the debtor retained possession or control of the property, whether the transfer was disclosed or concealed, whether the debtor had been sued or threatened with suit, whether the transfer was of substantially all the debtor's assets, whether the debtor absconded, whether the debtor removed or concealed assets, whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred, whether the debtor was insolvent or became insolvent shortly after the transfer, whether the transfer occurred shortly before or shortly after a substantial debt was incurred, and whether the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider. Fla. Stat. § 726.105. The language of the statute makes clear that the badges of fraud are nonexclusive and that courts may consider other factors in determining a debtor's intent. *Mane FL Corp.*, 355 So. 3d at 426. The existence of multiple badges of fraud gives rise to a prima facie presumption of fraud and shifts the burden to the transferee to rebut the presumption. *GE v. Chuly Int'l, LLC*, 118 So. 3d 325, 327 (Fla. Dist. Ct. App. 2013). However,

6

the Complaint must first plead sufficient badges of fraud to establish actual fraudulent intent. Here, the Complaint fails to allege sufficient badges of fraud with respect to the transfer to Mr. Garcon. The Complaint does not allege that Mr. Garcon was an insider. Fla. Stat. § 726.105. The Complaint does not allege that the debtor retained possession or control of the funds transferred to Mr. Garcon. Fla. Stat. § 726.105. Most critically, the Complaint cannot allege that the value of the consideration received by the debtor was inadequate, because the debtor received satisfaction of an antecedent debt—the obligation to repay Mr. Garcon's investment. Fla. Stat. § 726.105. While a single badge of fraud may be only a suspicious circumstance, a combination of badges can justify a finding of fraud, but ordinarily the issue of fraud is not a proper subject for summary judgment and requires a full explanation of circumstances. *Yaralli v. Am. Reprographics Co., Ltd. Liab. Co.*, 165 So. 3d 785, 789 (Fla. Dist. Ct. App. 2015). Where, as here, the complaint alleges few if any badges of fraud specific to the challenged transfer, the complaint fails to state a claim for actual fraudulent intent.

### D. A Fraudulent Transfer Claim Is Distinct from the Investor's Receipt of a Legitimate Repayment

A claim for fraudulent transfer under the Florida Uniform Fraudulent Transfer Act is a separate and distinct cause of action from common law fraud. *Wurtzebach v. Flooring Depot FTL, Inc.*, 384 So. 3d 251, 255 (Fla. Dist. Ct. App. 2024). Fraudulent transfer claims are often asserted against a person or entity that did not deal directly with the plaintiff in the challenged transaction, and the plaintiff generally possesses little or no information about the alleged fraudulent transfer other than it occurred. *Id*. A fraudulent transfer claim under section 726.106(1) focuses not on false representations made to a plaintiff but on the unfairness of the transfer to a judgment creditor. *Id*. However, the statutory framework protects transferees who take in good faith and for value precisely because they are innocent participants who provided

consideration and had no knowledge of fraudulent intent. The mere fact that a debtor may have engaged in fraudulent conduct toward other creditors does not render every transfer by that debtor voidable, particularly where the transfer satisfies a legitimate debt and the transferee had no knowledge of the fraud. To hold otherwise would penalize innocent investors who recover their investments in good faith.

## II.      Defendant Was Not Unjustly Enriched By Receiving The Return of Only A Portion Of His Investment.

To prevail on an unjust enrichment claim in Florida, there must be a "direct benefit" flowing from the plaintiff to the defendant. *CFLB P'ship, LLC v. Diamond Blue Int'l, Inc*., 352 So. 3d 357, 359 (2022).  Here, Plaintiff argues that the Receivership Entities "conferred a benefit on Defendants" by making transfers to them, including the $150,000 transfer to Mr. Garcon. The core purpose of unjust enrichment is to provide restitution where a party wrongfully retains a benefit in violation of good conscience,  *Duty Free World, Inc. v. Miami Perfume Junction, Inc*., 253 So. 3d 689, 694 (2018). Here, Because Mr. Garcon merely receiving a partial return ($150,000) of his own prior, larger capital investment ($250,000), he has not received a windfall or "unjust" benefit but has rather recouped a portion of their own principal. This claim fails as a matter of law.

## III.     Even If the Transfer Were Voidable, the Defendant Is Entitled to Statutory Protections

Even if a transfer or obligation is ultimately determined to be voidable under FUFTA, a good faith transferee or obligee is granted statutory protections under section 726.109(4) to the extent of the value they gave the debtor. Fla. Stat. § 726.109. These protections include a lien on or a right to retain any interest in the asset transferred, enforcement of any obligation incurred, or a reduction in the amount of the liability on the creditor's judgment. Fla. Stat. § 726.109.

Additionally, if a creditor recovers a judgment for the value of the transferred asset under section 726.109(2), the judgment is subject to adjustment as the equities may require based on the value of the asset at the time of the transfer. Fla. Stat. § 726.109. Here, Mr. Garcon gave value to the debtor equal to the amount of the original investment: $250,000.  He received less than that, $150,000, from debtor. Should the Court find the transfer voidable—which it should not—Mr. Garcon is entitled to a complete offset for the value provided, which equals the amount transferred. This statutory protection provides an alternative basis for dismissal or, at minimum, for recognition that Mr. Garcon faces no liability even if the transfer were deemed voidable.

## **CONCLUSION**

The Complaint fails to state a cause of action for fraudulent transfer against Mr. Garcon because it does not and cannot allege facts sufficient to overcome the statutory good faith transferee defense under section 726.109(1). Mr. Garcon received only a partial return of his initial investment transfer, which is a reasonably equivalent value that satisfied an antecedent debt. The Complaint contains no allegations that Mr. Garcon lacked good faith or had knowledge of any alleged fraud. Absent such allegations, the Complaint fails as a matter of law.

July 17, 2026

Respectfully submitted,

*/s/ Jennifer W. Corinis*
Jennifer W. Corinis
Florida Bar No. 49095
Corinis Law PLLC
980 Main St., Ste. C
Safety Harbor, FL 34695
jen@corinislaw.com
727-222-3142

Attorney for Defendant, ROBERT GARCON

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 27, 2026, a true and correct copy of the foregoing was served electronically on all counsel of record.

/s/ Jennifer W. Corinis
Jennifer W. Corinis